# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00316-CR

**Stephen Felipe Gamez**
**aka Stephen Phillip Gamez**
**aka Stephen P. Gamez, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT
### NO. 52,928, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING

A jury found appellant Stephen Felipe Gamez guilty of sexual assault of a child. *See* Tex. Pen. Code Ann. ' 22.011 (West Supp. 2002). The district court assessed punishment, enhanced by previous felony convictions, at imprisonment for forty years. In his only point of error, appellant contends the court should have granted his mistrial motion after a juror had a conversation with an unauthorized person. We will overrule this contention and affirm.

Following a recess, a juror reported to the court that a man had spoken to her on the elevator. AThis gentleman asked me if, if we had found the defendant guilty yet. And I said, >I cannot discuss this case.= He said, >I=m sorry= and then he said C his next comment to me as the doors were opening was, >He did it to my brother.= And I just, I just waved him off and walked out.@ The juror had not seen the man before and could not identify him. The juror and the man were the only persons on the

elevator. The juror did not mention this incident to any other juror and immediately reported it to the bailiff. The juror assured the court that she would put the man=s comment out of her mind and not consider it for any purpose during deliberations. The court pressed the juror on this, telling her that it was Avery important . . . for you to be a little more affirmative about either yes, you can and will put it out of your mind.@ The juror replied, AYes, I can. I have children and I don=t take things at face value until I know more. That=s just the type of person I am.@ The court then asked, ASo you=re telling the Court you will not consider that . . . whatsoever and certainly not discuss it with anybody else other than us here?@ The juror answered, AYes, ma=am.@

Injury to the defendant is presumed when a juror converses with an unauthorized person about the case. *Quinn v. State*, 958 S.W.2d 395, 401 (Tex. Crim. App. 1997); *Drone v. State*, 906 S.W.2d 608, 617 (Tex. App.C Austin 1995, pet. ref=d). This presumption is rebuttable. *Quinn*, 958 S.W.2d at 401; *Drone*, 906 S.W.2d at 617. In determining whether the presumption was rebutted, appellate courts should defer to the trial court=s resolution of the historical facts and its determinations concerning credibility and demeanor. *Quinn*, 958 S.W.2d at 401.

*Robinson v. State*, 851 S.W.2d 216, 229-30 (Tex. Crim. App. 1991), was a prosecution for capital murder. During trial, a juror disclosed to the court that her sister had read in the newspaper that the defendant had killed one of his accomplices, a fact not in evidence, and had related this fact to the juror. *Id*. at 229. The juror assured the court that she could disregard this information and would not disclose it to the other jurors, and she promised that she would base her verdict solely on the evidence introduced at trial. *Id*. at 229-30. The court of criminal appeals, noting that the trial court was in the best position to

judge the credibility of the juror, concluded that the court had not abused its discretion by overruling the defendant=s motion for mistrial. *Id*. at 230.

As in *Robinson*, the trial court in this cause chose to believe the juror=s assurances that her verdict would not be influenced by the improper communication and that she would not reveal the communication to the other jurors. Viewing the evidence in the light most favorable to the court=s ruling, we conclude that the court did not abuse its discretion by overruling the motion for mistrial.

We overrule the point of error and affirm the judgment of conviction.


David Puryear, Justice

Before Chief Justice Aboussie, Justices Patterson and Puryear

Affirmed

Filed:   October 17, 2002

Do Not Publish

**3**